## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

ROBERT BRIAN COOPER                                                         PLAINTIFF

v.                                              CIVIL ACTION NO. 3:11CV-P203-H

MANUEL CRUZ *et al.*                                            DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff Robert Brian Cooper, a convicted inmate, filed this *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983, against Kentucky State Trooper Manuel Cruz in his individual and official capacities; Public Advocacy Attorney Carolyn D. Brown in her individual and official capacities; Assistant Commonwealth's Attorney Samuel S. Porter in his official capacity; and Hardin Circuit Court Judge Kelly Mark Easton in his official capacity.

In the complaint, Plaintiff raises three claims. As "Claim #1," Plaintiff alleges that on October 15, 2010, Defendant Cruz stated in a Uniform Citation that Plaintiff fled on foot and ran to his truck after police identified themselves; drove away; wrecked; and then pulled a knife from his pocket and attempted to use it on Defendant Cruz. Plaintiff states that Defendant Cruz testified to these facts under oath on the stand in court on October 20, 2011. Plaintiff claims that these allegations are false and that what actually happened on October 15, 2010, is as follows:

> [I] clocked out from work, walked To my Truck as always. My Passenger 'Jason Zastrow' walked To the Passenger Side door before being Pulled away. Authorities were Parked Right Next to Truck! I wrecked My truck and was 'Inside' The Cab

> Standing on drivers side Window. I pulled My Knife from its 'Sheath,' not Pocket, To free myself from the truck. I dropped it when ordered to 'before ever comming out the Windshield.'

Plaintiff reports that at sentencing on February 8, 2011, he told the judge that the knife was in a sheath, not in his pocket; that he never attempted to use it on anyone; and that he never fled on foot and ran to his truck after the police identified themselves.

Plaintiff reports that he received his PSI Report and noticed that "the 'Nature of Offense' was the Citition Statement." Although Plaintiff advises that his attorney, Defendant Brown, had told him to let her know if anything was wrong, he made "numerous" attempts to contact her by phone and mail to correct the PSI, all to no avail.

Plaintiff believes that the false report by Defendant Cruz "was a Defamation of My Character and Slander and that Anyone who saw it 'including Parole Board' would think wrongly of me. I was not charged with Parts of that Statement yet it was used against Me March 1st 2011. I was Denied Parole due to 'Seriousness' of Offense."

With respect to "Claim #2," Plaintiff states, in toto:

> Though the Avis Report in the Discovery Clearly Showed My truck was Insured and I had Insurance Cards both in Vehicle and my wallet i had to Provide Additional Proof for that Violation to be dismissed. The Trooper said i had no Insurance and Cited Me For it on Oct 15th 2011. I found in Court on Jan 04th 2011 That i was indicted on it and Samuel S. Porter 'Prosecutor' Said i needed Proof i was Insured. The Proof was there! I proved it 'Again' and the Violation was dismissed February 8th 2011 at Sentencing. That was 'Negligence' on behalf of Trooper Manuel Cruz and Samuel S. Porter.

Finally, as to "Claim #3," Plaintiff advises that he accepted a plea agreement that included the return of the personal property from his truck (his truck was to be forfeited). At sentencing on February 8, 2011, Defendant Judge Easton ordered, as agreed upon by Defendant prosecutor Porter, Defendant public defender Brown, and Plaintiff, that Plaintiff's mother (on

2

Plaintiff's behalf) was to retrieve Plaintiff's personal belongings from his truck. After numerous attempts to locate the truck, however, Plaintiff learned that it had been crushed/recycled ten days after being towed on October 25, 2010. Plaintiff claims that for months he was led to believe he could have his belongings. He asserts that he was threatened "with 5 years but Took 2 years as Per the Plea Deal." He states, "I believe if i ask to have the Plea Deal Retracted that i will Be Punished for it yet it is Clearly a Miscarriage of Justice as i am Forced to Take a deal Because my Attorney even told Me because of Previous Charges i would Not win at Trial." Thus, claims Plaintiff, his right to a fair trial has been violated, and he has been denied "Peace and Dignity." He further claims that "this Negligence is Cruel and Unusual Punishment."

As relief, Plaintiff seeks $1 million in monetary damages; $10,000 in punitive damages; release on parole or probation; and expungement of "Records."

**II.**

Because Plaintiff is a prisoner and proceeding *in forma pauperis*, this Court must review the instant action under §§ 1915(e)(2) and 1915A. Under those sections, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2)(B)(i)-(iii); § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

3

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

4

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

### A.     *42 U.S.C. § 1983*

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1. Damages

##### a. Defendant Brown

Plaintiff claims that his criminal defense attorney, Defendant Brown, did nothing to correct Defendant Cruz's allegedly false statement contained in the PSI and that she represented him in a plea deal. In representing Plaintiff in the state-court criminal action, Defendant Brown is not a state actor for purposes of § 1983.[1] *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's

---

[1] Plaintiff claims that as part of a plea deal, he was to receive his personal property from his truck, but later found out that his property had been destroyed. Plaintiff does not indicate or suggest that Defendant Brown had any involvement in or knowledge of the destruction of his property. As Defendant Brown's only involvement in Plaintiff's claims pertain to her representation of him in his criminal matters, she is not a state actor.

traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). While an exception exists if the defense attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), Plaintiff has not set forth facts sufficient to state a conspiracy claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Hooks v. Hooks*, 771 F.2d 935 (6th Cir.1985). All claims against Defendant Brown, therefore, will be dismissed.

### b. *Official-capacity claims against Defendants Cruz, Porter, and Easton*

A state, its agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (official-capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment); *Grider v. City of Russell Springs, Ky.*, No. 1:05CV137-M, 2006 WL 522213, at *1 (W.D. Ky. Mar. 1, 2006) (damages claims against Kentucky State Police trooper barred by

6

Eleventh Amendment). Accordingly, the official-capacity claims for damages against Defendants Cruz, Porter, and Easton will be dismissed.

### c. *Individual-capacity claims against Defendant Cruz*

Plaintiff asserts claims against Defendant Cruz in Claim #1 and Claim #2.

In Claim #1, Plaintiff contends that Defendant Cruz defamed him when he falsified a Uniform Citation and falsely testified in court. "[I]njury to reputation by itself [is] not a 'liberty' interest . . . ." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (quoting *Paul v. Davis*, 424 U.S. 693, 708-09 (1976)). "The Supreme Court has stressed that 42 U.S.C. § 1983 is not an avenue for redress of any and all possible tort claims against the government, and that there exists 'no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.'" *Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993) (quoting *Paul v. Davis*, 424 U.S. at 702). "Rather, the Court has limited the scope of an actionable liberty interest deprivation to situations involving termination of government employment or the loss of a legal right or status previously enjoyed under state or federal law." *Id.* (citing *Paul v. Davis*, 424 U.S. at 710-11).

Although Plaintiff alleges that the defamatory statements resulted the revocation of his parole, there is still a barrier to his claim. To wit, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling in his favor would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Wilkinson v. Dotson*, 544 U.S.

74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." ).

Because Plaintiff claims that Defendant Cruz's purported lies in the Uniform Citation were used to revoke his parole, judgment in favor of Plaintiff with respect to the defamation claim would necessarily demonstrate the invalidity of Plaintiff's parole revocation. Consequently, the defamation claim is barred by *Heck*. *See Archleta v. Skolnik*, No. C 95-1722 SI, 1995 WL 552136, at *2 (N.D. Cal. Sept. 13, 1995) ("Assuming Archleta's parole was not revoked on the basis of the alleged defamatory statements, he cannot allege loss sufficient to present a cognizable claim under section 1983. If his parole revocation was premised on the statements, Archleta's claim is currently barred by *Heck*, . . . .").

In Claim #2, Plaintiff alleges "negligence" by Defendant Cruz when he cited him for no insurance, which resulted in Defendant Judge Porter requiring proof that Plaintiff was insured, prior to dismissing the citation against him. Negligence does not rise to the level of a constitutional violation. *Lewellen v. Metro. Gov't of Nashville and Davidson Cnty., Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."). Plaintiff has alleged no facts against Defendant Cruz in Claim #2 which rise to the level of a constitutional claim.

For the foregoing reasons, all individual-capacity claims for damages against Defendant Cruz will be dismissed.

### 2. *Equitable relief*

Plaintiff seeks equitable relief in the form of release on probation and parole and expungement of records. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In seeking release on probation or parole, Plaintiff is seeking an immediate or speedier release from custody. As to his request for expungement of his records, he does not indicate what "records" he seeks to have expunged and why. Moreover, "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, should any expungement necessarily imply the invalidity of his current confinement or its duration, § 1983 relief is unavailable. Consequently, Plaintiff's claims for equitable relief under § 1983 will be dismissed. Should Plaintiff wish to file a habeas petition, the Court will direct the Clerk of Court to send him the forms for filing such an action.

**B.** *State-law claim*

Under 28 U.S.C. § 1367, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over state-law negligence and defamation claims. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*,

383 U.S. 715, 726 (1966).  Consequently, the state-law claims will be dismissed without prejudice.

The Court will enter a separate Order consistent with this Memorandum Opinion.

The **Clerk of Court is DIRECTED to send** Plaintiff the forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Date:


cc: Plaintiff, *pro se*
    Defendants
4412.005